# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-20616
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN JOSE NAVARRO; RAFAEL CUEVAS

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-300-2

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Jose Navarro appeals the sentence imposed following his conviction for conspiracy to possess with the intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, possession with the intent to distribute 1000 kilograms or more of marijuana, possession with the intent to distribute 100 kilograms or more of marijuana, possession with the intent to distribute five kilograms or more of cocaine, and possession with the intent to distribute 100 kilograms or more of marijuana. Navarro argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005), because the district court applied enhancements for possessing a dangerous weapon and for his role as organizer/leader. He contends that the facts to support these enhancements must be either admitted by him or found by a jury beyond a reasonable doubt.

Navarro was sentenced in July 2006, after the issuance of Booker. Thus, the district court's determination, under an advisory guidelines scheme, that various sentence enhancements should be applied in the calculation of Navarro's sentence, did not violate Navarro's Sixth Amendment right to a jury trial. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Rafael Cuevas appeals his conviction for possession with the intent to distribute 100 kilograms or more of marijuana and conspiracy to possess with the intent to distribute five kilograms or more of cocaine or 1000 kilograms or more of marijuana. Cuevas argues that the Government's untimely disclosure of Jesus Carrera's arrest record violated his due process rights under Brady v. Maryland, 373 U.S. 83, 87 (1963).

Because Cuevas complains of late disclosure rather than suppression of favorable evidence, this court determines whether Cuevas was prejudiced by the untimely disclosure. See United States v. Walters, 351 F.3d 159, 169 (5th Cir. 2003). Cuevas was granted a continuance during trial to determine whether Carrera had been convicted of murder in Mexico. Carrera was cross-examined extensively on his alleged murder convictions as well as other criminal transgressions. Because Cuevas had time to investigate and put the information to effective use at trial, he was not prejudiced by the late disclosure of Carrera's criminal history, and there is no Brady violation. See id.

Accordingly, the judgment of the district court is AFFIRMED.